UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONICA EDMONDS,

    Plaintiff,

v.

SECRETARY OF UNITED STATES
DEPARTMENT OF VETERANS AFFAIRS,

    Defendants.

Case No. 22-2063-TC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on the parties' Joint Motion to Modify the Scheduling Order to Extend Certain Deadlines and Continue the Pretrial Conference. (ECF 23.) By way of this motion, the parties seek a 120-day extension of the discovery deadline and a commensurate extension of the remaining case management deadlines, including the deadline to submit a proposed pretrial order, the pretrial conference, and the deadline for dispositive motions. This motion is denied because the parties have not shown good cause for the requested extension.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish "good cause," the party seeking to modify a deadline must show that it "could not have been met with diligence." *Parker v. Cent. Kansas Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001), *aff'd*, 57 F. App'x 401 (10th Cir. 2003); *see also* FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Here, the parties seek to extend the discovery deadline from December 21, 2022, to April 20, 2023, and then they seek commensurate extensions of the subsequent deadlines and settings. But the motion does not show that they could not complete discovery well before their proposed April 20, 2023-deadline if they had acted with diligence. The parties explain that plaintiff Monica Edmonds ("Edmonds") notified defendant Secretary of United States Department of Veterans Affairs ("VA") "early in the case that she believed email correspondence was a vital part of this matter" and the VA notified Edmonds that "the process to obtain emails from the VA took approximately 4-5 months." (ECF 23 ¶¶ 2-3.) They further explain the process by which Edmonds has gone about securing ESI from the VA. This explanation demonstrates that the parties acted with some degree of diligence, but that the process has been protracted because of logistics working through the size of the collection. At this point, the parties say they are still working to narrow down the large ESI production to a workable volume before Edmonds conducts her review and before either party takes depositions. But the ESI production difficulties the parties are now facing were foreseeable. Discovery in this case opened at least by June 30. (*See* ECF 11, at 1.) Knowing both the lengthy timeframe for the VA's ESI production and the discovery deadline of December 21, the parties should have been more diligent in requesting, collecting, processing, and narrowing the VA's ESI production. At a bare minimum, they should have been much further along in the process so as to avoid the lengthy extension they are now seeking. In other words, although the parties' explanation might demonstrate good cause for a modest extension, it does not support the requested 120-day extension. The court therefore denies the parties' request for a 120-day extension of the discovery deadline and all remaining case management deadlines.

That said, the parties remain free to stipulate to discovery outside of the discovery deadline so long as any ongoing discovery does not interfere with other court-imposed deadlines or delay

briefing of or ruling on dispositive motions or other pretrial preparations. Furthermore, as a practical matter, the court cannot move this case forward unless and until the parties complete discovery, and it appears they are working cooperatively to do so. Therefore, the court vacates the deadline to submit a proposed pretrial order, the pretrial conference setting, the deadline for dispositive motions, and the trial setting set forth in the scheduling order. (ECF 15.) The court orders the parties to file a motion to re-set those deadlines and settings once document production is complete and they have a concrete deposition schedule—*i.e.*, when they know with reasonable certainty when they will be finished with discovery. The court cautions the parties that it will be highly disinclined to grant any further extensions once those dates are re-set, so their motion should include realistic proposed deadlines with the expectation that those deadlines will be firm.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Modify the Scheduling Order to Extend Certain Deadlines and Continue the Pretrial Conference (ECF 23) is denied.

**IT IS FURTHER ORDERED** that the court vacates the deadline to submit a proposed pretrial order, the pretrial conference setting, the deadline for dispositive motions, and the trial setting.

**IT IS FURTHER ORDERED** that the parties must file a motion to re-set those deadlines and settings once they know with reasonable certainty when they will be finished with discovery.

**IT IS SO ORDERED.**

Dated December 12, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge